LEMUEL HUMPHREY AND OTHERS *vs.* DAVID CLARK.

Representations made by a party to induce another to endorse a note for his accommodation, however fraudulent, are not admissible in evidence against a holder of the note, who took the same for a valuable consideration, before it became due, with no knowledge of the fraudulent representations.

ASSUMPSIT, against the defendant as endorser of a note of the Protection Insurance Company.

The defendant had endorsed the note for the accommodation of the insurance company, at the solicitation of the president of the company. On the trial to the jury he claimed that he had been induced to endorse it by certain representations made to him at the time by the president, as to the object for which the note was to be used and as to the condition of the company, which representations he claimed to have been fraudulently made. The plaintiffs took the note before maturity, for a valuable consideration and with no knowledge of the representations. The defendant offered evidence of these representations, but the court excluded it. The plaintiffs afterwards read the deposition of the president of the company, in which he gave an account of the circumstances attending the endorsement of the note by the defendant, and testified with regard to certain other matters in dispute in the case. After this evidence had been received the court admitted the evidence of the defendant which had been excluded. The defendant afterwards requested the court to charge the jury that the evidence offered by him as to the fraudulent representations of the president, was to be applied by them, not merely to the purpose of contradicting the statements of the president in his deposition, but to that of showing the whole transaction which took place at the time of the endorsing of the note, and to that also of discrediting the testimony of the president generally. The court charged the jury that any false statements made by the president of the company at the time, for the purpose of inducing the defendant to endorse the note, or any fraud however gross which he might thereby have practiced upon the defendant, which were unknown to the plaintiffs at the time they took the note, were inadmissible to invalidate the endorsement, but were proper to be considered as contradicting the testimony of the president and affecting his credit as a witness.

The jury returned a verdict for the plaintiffs, and the defendant moved for a new trial.

*W. D. Shipman*, in support of the motion.

*Hubbard,* contra.

ELLSWORTH, J.   The whole question in this case is, to what extent may the defendant attack the validity of his indorsement, by showing certain supposed fraudulent declarations made to him by the president of the insurance company, at the time of and as an inducement to the indorsement of the note for the accommodation of the company. The evidence offered for this purpose was received, and went to the jury for what it was worth, to impeach and contradict the testimony of the president, and beyond this it is not easy to see for what it could be admissible.   His declarations can not be allowed to affect the rights of the plaintiffs, who are *bona fide* holders of the note, which they took for a valuable consideration, long before it became due.   We do not advise a new trial.

In this opinion the other judges concurred.

New trial not advised.